IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

FORESTRY CONTRACTORS, LLC                                                 PLAINTIFF

VS.                                                 CIVIL ACTION NO. 2:05cv2064-KS-JMR

H&E EQUIPMENT SERVICE, LLC,
GEHL COMPANY and FECON, INC.                                   DEFENDANTS

## ORDER DENYING MOTION TO REMAND

This cause is before the court on the plaintiff's Motion to Remand, and the court, having considered the motion, the briefs and authorities cited in support and in opposition, and all matters made a part of the record in this case as well as applicable law, finds that the motion should be denied. The court finds more specifically as follows:

Plaintiff Forestry Contractors initiated this action on August 11, 2005, by filing its complaint in the Circuit Court of Jones County, Mississippi, First Judicial District. Service of process was effected upon Gehl Company on August 16, 2005; upon H&E Equipment Services on August 17, 2005, and upon Fecon, Inc. on August 18, 2005. The defendants filed their notice of removal on September 19, 2005. The plaintiff then timely filed its motion to remand, claiming by reference to 28 U.S.C. § 1446(b) that because the notice of removal was filed thirty-four days after Gehl was served, it was untimely. According to the plaintiff, September 15–the thirtieth day–was the last day on which the notice could be deemed timely filed. In response, the defendants point to Federal Rule of Civil Procedure 6 and Chief Judge Henry Wingate's post-Katrina order extending certain filing deadlines to October 17, 2005 as supporting their contention that the notice was indeed timely filed.

Although the question of timeliness arose after Hurricane Katrina and issuance of Judge Wingate's order, under the specific facts of this particular case, this court need not look beyond section 1446(b) and rule 6 to answer that question. Section 1446(b) specifies that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Gehl Company received a copy of Forestry

Contractors' complaint by service of process on August 16, 2005.

Viewed in isolation, section 1446(b) appears to support the plaintiff's contention that September 15–a Thursday–was the last possible day that the notice of removal could be filed. Were it not for rule 6, thirty days would mean thirty days, and remand would be required. However, in this case thirty days means thirty-four days and a case that is properly in this court. Rule 6(e) allows for addition of three days to "any period of time prescribed ...by any applicable statute" as computed under rule 6(a).[1] When, as here, the last day is a Sunday, rule 6(a) also specifies that "the period runs until the end of the next day." The "next day" in this case was Monday, September 19.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff Forestry Contractors' **Motion to Remand [#3]** and its request for fees and costs are **DENIED**.

IT IS FURTHER ORDERED that within ten days the parties shall notify Judge Roper of denial of the motion to remand in accord with applicable Local Rules.

SO ORDERED on this, the 14th day of December, 2005.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Rule 6(e) addition of three days applies "only when a party is required to act within a prescribed period after *service*, not after *filing*." *Pavone v. Mississippi Riverboat Amusement Corp.,* 52 F.3d 560, 566 (5th Cir. 1995); *see also Lauzon v. Strachan Shipping Co.,* 782 F.2d 1217, 1220 (5th Cir. 1985)("If the act is to be taken after service, the three day extension of...Fed. R. Civ. P. 6(e) applies.").

Case 2:05-cv-02064-KS-MTP   Document 20   Filed 12/14/05   Page 3 of 3